## JOHN SCHNEIDER
*v.*
## DAVID SEELY.

37   257
e113a  473

1. SUPREME COURT—*rendering final judgment there.* When a verdict is too large, and a *remittitur* is entered, notwithstanding which a judgment was entered for the full amount, if there is no other error requiring the cause to be remanded, perhaps a judgment for the true amount might be rendered in the Supreme Court.

2. EVIDENCE—*concerning the delivery of goods to servants of the buyer— whether written orders necessary.* Where a party sells goods to another, with the understanding that the buyer is to send for them as he wants them, and the seller is to let the buyer's men have them, it is not necessary that the goods delivered to the buyer's men, should be delivered upon written orders, to render the buyer liable.

17—40TH ILL.

3. If he verbally authorized them, or if after the goods were procured, he sanctioned it, or if he had given the seller a general authority to let his men have goods, it was sufficient.

4. So in a suit between the parties, involving the question as to the quantity of goods delivered, it was held competent for the seller to prove what goods he had delivered to the buyer's men, leaving it to the jury, under instructions, to say whether they were delivered in such a manner as to make him liable.

Appeal from the Circuit Court of Kendall county; the Hon. Madison E. Hollister, Judge, presiding.

This was an action of trover brought in the Circuit Court by David Seely against John Schneider for the alleged conversion of eight hundred and fifty-two flour barrels.

It appears that the plaintiff had purchased of the defendant some lots of ground, under a parol agreement, which he was to pay for by delivering flour barrels, at forty cents apiece, at the defendant's mill. It was also agreed the plaintiff should pay an old flour account of a small amount in the same way. After the delivery of some of the barrels, the defendant refused to let the plaintiff have any more flour upon credit. It was finally agreed, however, that the plaintiff should have flour, from time to time, as he should send for it, and the defendant was to let his men have it. When the plaintiff had delivered a certain number of barrels he demanded a deed for the land he had purchased, which the defendant refused to give him until he should fulfill his contract by delivering enough barrels to pay for the flour.

Thereupon, the plaintiff brought this suit. Pending the trial, the defendant offered to prove that he had delivered flour to the plaintiff's men, as it was understood he should, but the plaintiff objected, on the ground that there was no proof that the men had written orders from him to get the flour. The court sustained the objection and excluded the evidence, to which the defendant excepted. The trial resulted in a verdict against the defendant for $412.06. Pending a motion for a new trial, the plaintiff entered a *remittitur* of $37.50; the

court refused the motion for a new trial, and entered judgment for the whole amount of the verdict.

The defendant thereupon took this appeal, and now insists that the judgment is for too large an amount, and that the court erred in refusing to allow him to prove what quantities of flour he had delivered to the plaintiff's men.

Mr. CHARLES WHEATON, for the appellant.

Mr. R. G. MONTONY, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The verdict in this case it is admitted was for too large a sum. A *remittitur* was entered, but judgment was neverthe-less rendered for the full amount. If this were the only error, perhaps we might render the judgment here for the true amount; but there is another ground on which a new trial must be granted. It was important to the defendant to show on the trial how much flour the plaintiff had received from his mill. The defendant proved by his miller an arrangement between the parties, by which the plaintiff, who was sending flour barrels to the mill, was to send for the flour as he wanted it, and the witness was to let his men have it. The defendant then proposed to prove how much flour had been delivered to the men, but the plaintiff objected, unless it was shown the men had orders from him for the flour. The court sustained the objection. The proof should have been admitted, and the jury, under the instructions of the court, should have been allowed to pass upon the question whether the flour furnished plaintiff's men was procured by them with the consent of the plaintiff, under the arrangement made between the parties. It was proven that the flour was delivered, and delivered to plaint-iff's men, and if they had been authorized by him to get it, he would be chargeable. It was not necessary to have a writ-ten order. If he verbally authorized them, or if, after the flour was procured, he sanctioned it, or if he had given the

defendant a general authority to let his men have flour, it was sufficient. These were all matters for the jury. The court should have permitted the defendant to prove how much flour was in fact delivered, and then have left it to the jury, under instructions, to say whether it was delivered in such a manner as to make the plaintiff liable.

*Judgment reversed.*